The document below is hereby signed.

Signed: August 13, 2019



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNTIED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARIA FORD MOORE, | ) | Case No. 19-00531 |
| | ) | (Chapter 7) |
| Debtor, | ) | |
| | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DENYING REQUEST TO WAIVE REQUIREMENT TO FILE
<u>CERTIFICATE OF CREDIT COUNSELING AND DISMISSING THE CASE</u>

The debtor, Maria Ford Moore, has filed a *Praecipe* (Dkt. No. 5) wherein she is seeking a temporary exemption from obtaining prepetition credit counseling. For the reasons stated below, the debtor's request will be denied, and the case will be dismissed.

I

The debtor initiated this case by the filing of a voluntary petition under chapter 13 of the Bankruptcy Code on August 6, 2019, to stay an eviction set for August 7, 2019. The debtor stated in her *Preacipe* that if the motion is granted she will "try again," but does not indicate what she will try again.

Under 11 U.S.C. § 109(h)(1), a person may not be a debtor if that person has not received a certificate of credit counseling

within 180 days prior to the filing of a case in bankruptcy. Under 11 U.S.C. § 109(h)(3)(A), a debtor may be temporarily exempted from obtaining credit counseling if the debtor:

> submits to the court a certificate that—
>
>   (i)  describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
>   (ii)  states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made the request; and
>
>   (iii)  is satisfactory to the court.

Even if the debtor's imminent eviction may be considered an exigent circumstance, the debtor here is not entitled to a temporary waiver. The debtor has not shown that she was unable to obtain credit counseling within the 7-day period after making a request for credit counseling, and her request for a waiver is not satisfactory to the court. The debtor's petition instructed her:

> To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Credit counseling generally can be obtained within a day or two after requesting it, and the debtor has not identified a credit counseling agency to whom she made a request, and has not explained why (if she made a request), the credit counseling

agency was unable to provide such counseling within seven days. All that the debtor does say is she will "try again," but the court cannot determine whether that means the debtor requested and was unable to obtain credit counseling within seven days of requesting it, or in time to prevent the eviction, or if the debtor never made the attempt, but will make the attempt to obtain credit counseling upon the granting of her motion to obtain temporary waiver, or some other meaning, unrelated to any attempt to obtain credit counseling. Under these circumstances, the debtor's *Praecipe* is not a certificate satisfactory to the court. *See In re Rodriguez*, 336 B.R. 462, 474 (Bankr. D. Idaho 2005) (certificate was unsatisfactory in failing to provide any detail of facts pertinent to requesting credit counseling and being unable to obtain it within the specified statutory period). Thus, under § 109(h)(3)(A)(iii), the debtor is not entitled to a temporary waiver.

Accordingly, the debtor does not qualify for a temporary exemption from obtaining credit counseling and therefore is ineligible under 11 U.S.C. § 109(h)(1) to be a debtor. The case must be dismissed.

II

For aforesaid reasons, it is

ORDERED that the debtor's *Preacipe* (Dkt No. 5) is DENIED. It is further

ORDERED that the above-captioned case is DISMISSED.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); Recipients of e-notifications of filings; all entities on BNC mailing list.